**MONTANA RAIL LINK, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 94–36202.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1995.

Decided Feb. 12, 1996.

Gerald W. Steinbrenner and Margaret L. Sanner, Milodragovich, Dale, Steinbrenner & Binney, Missoula, Montana, for the plaintiff-appellant.

Gary R. Allen, Gilbert S. Rothenberg, Thomas J. Sawyer, and Teresa E. McLaughlin, United States Department of Justice, Tax Division, Washington, DC; Sherry S. Matteucci, Assistant United States Attorney, Billings, Montana; Kris A. McLean, Assistant United States Attorney, Helena, Montana, for the defendant-appellee.

Before: D.W. NELSON and JOHN T. NOONAN, JR., Circuit Judges, and TANNER, District Judge.*

D.W. NELSON, Circuit Judge:

Montana Rail Link ("MRL") appeals the district court's dismissal of its action to obtain a refund of taxes paid in 1987 and 1988. MRL asserts that § 10206(c)(2)(A)(ii) of the Omnibus Budget Reconciliation Act of 1989 ("OBRA") violates due process by retroactively barring refund claims by employers who believed that their 401(k) plan contributions were subject to tax under the Railroad

---

* The Honorable Jack E. Tanner, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

Retirement Tax Act ("RRTA").[1] We affirm the court's judgment, on the grounds that § 10206(c)(2)(A)(ii) is supported by a legitimate legislative purpose furthered by rational means. *See United States v. Carlton, —— U.S. ——, ——, ——,* 114 S.Ct. 2018, 2022, 2024, 129 L.Ed.2d 22 (1994).

## FACTUAL BACKGROUND

The RRTA serves as the functional equivalent of the Social Security Act for railroad employers. As an employer subject to the RRTA, MRL is required to pay an excise tax on compensation it pays to its employees. *Montana Rail Link, Inc. v. U.S.,* 873 F.Supp. 1415, 1416 (D.Mont.1994); *see* 26 U.S.C. § 3221, *et seq.* MRL is also required to withhold tax the RRTA imposes on the compensation of the employees themselves. These payments go to the Internal Revenue Service ("IRS"). *MRL,* 873 F.Supp. at 1416; *see* 26 U.S.C. § 3201, *et seq.* Besides filing an Annual Railroad Retirement and Unemployment Repayment Tax Return Form CT–1 ("Form CT–1"), MRL regularly reports to the Railroad Retirement Board ("RRB"). One form of reporting to the RRB is the regular submission of computer tapes containing information as to each employee's compensation and the tax paid on it. *Id.*

For the 1987 and 1988 tax years, MRL treated as taxable compensation its contributions to qualified plans with cash or deferred arrangements described in I.R.C. § 401(k) ("401(k) plan"). *MRL,* 873 F.Supp. at 1417. However, in November 1988 MRL representatives met with RRB representatives who advised MRL that contributions to 401(k) plans were not subject to inclusion as compensation for RRTA purposes. *Id.*

Relying on this advice and other information received from the RRB representatives, MRL stopped including 401(k) plan contributions when calculating employees' compensation for RRTA purposes. *Id.* MRL adjusted its records for 1987 and 1988 to correct for its earlier overpayments and submitted the corrected tapes to the RRB, which changed its records to reflect the lower amount of railroad retirement taxes contributed by the employees and MRL. *Id.* at 1417–8. MRL planned to seek a refund of its overpaid taxes by adjusting its 1989 taxes as reflected on its annual Form CT–1 return. *Id.* at 1418.

In June 1989, MRL reimbursed each employee for the portion of compensation that MRL had mistakenly withheld and paid as taxes in respect to 401(k) plan contributions in 1987 and 1988. *Id.* The total amount of this reimbursement was $93,190.05. *Id.* The total amount of MRL's overpayment for 1987 and 1989 was $247,842.89. *Id.*

On December 19, 1989, OBRA was signed into law. *Id.* OBRA redefined the railroad retirement tax compensation base of 26 U.S.C. § 3231(e) to include contributions to 401(k) plans. *Id.* at 1419. As the House and Senate Conference Reports explained, the purpose of this change was to bring the RRTA into conformity with the Social Security Act, under which 401(k) plans had been included in the contribution base since December 31, 1983. *Id.* at 1419–20.

Section 10206(c)(2)(A)(i) made this change effective with respect to remuneration paid after 1989; § 10206(c)(2)(A)(ii) applied this change retroactively to " 'remuneration paid before January 1, 1990, which the employer treated as compensation when paid.' " *Id.* at 1419. As the House Conference report explained, one reason for this retroactive provision was that amounts paid prior to 1990 " 'would have already been credited for some benefit purposes.' " *Id.* at 1420. Moreover, " 'it is likely that some employees would already have begun receiving benefits based on the crediting of such amounts.' " *Id.*

In 1990, the IRS did not allow MRL's downward adjustment of its 1989 railroad retirement tax to account for its 1987 and

---

**1.** OBRA § 10206(b) established that 401(k) contributions made under 26 U.S.C. § 3231(e) were to be treated as taxable compensation. Effective dates for this section were established in § 10206(c)(2)(A), which reads as follows:

(A) The amendment made by subsection (b) shall apply to—

(i) remuneration paid after December 31, 1989, and

(ii) remuneration paid before January 1, 1990, which the employer treated as compensation when paid.

1988 overpayments. *Id.* at 1418. In 1991, MRL filed amended Forms CT–1 showing the corrected amounts for taxable compensation in 1987 and 1988, not including the 401(k) plan contributions and taxes paid on them. *Id.* at 1419. MRL sought a refund of overpayments totalling $247,842.89, plus interest. The IRS disallowed MRL's refund claims on the grounds that they were barred by the retroactive provision contained in § 10206(c)(2)(A)(ii). *Id.*

MRL has fully paid its taxes at issue in this case. *Id.*

## STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo. *Licari v. Commissioner of Internal Revenue,* 946 F.2d 690, 692 (9th Cir.1991).

## THE CARLTON STANDARD

MRL contends that OBRA's retroactive provision fails to meet the *Carlton* standard of being supported by a legitimate legislative purpose furthered by rational means. MRL contends that while Congress properly justified the future taxation of 401(k) plan contributions, it failed to provide sufficient justification for imposing a retroactive tax. MRL also asserts that § 10206(c)(2)(A)(ii) violates due process by having a period of retroactivity that goes beyond one year.

## LEGITIMATE LEGISLATIVE PURPOSE

■ Section 10206(c)(2)(A)(ii) serves a legitimate legislative purpose. The House Conference Report indicates that Congress was protecting the reliance interests of employees who were expecting to receive higher benefits based upon the taxes paid and withheld by their employers. In addition, the district court's understanding that Congress enacted OBRA's retroactive provision to avoid loss of revenue, 873 F.Supp. at 1421, mirrors the Court's determination in *Carlton* that preventing a loss of government revenue is a legitimate legislative purpose. —— U.S. at ——, 114 S.Ct. at 2023.

## RATIONAL MEANS

■ OBRA's period of retroactivity bears a rational relation to its underlying legislative purpose. *See Carlton,* —— U.S. at ——, 114 S.Ct. at 2024. The tax status of 401(k) contributions under the RRTA had been ambiguous since 1983, the year Congress made 401(k) plan contributions taxable under the Social Security Act. *See MRL,* 873 F.Supp. at 1419. OBRA § 10206(b) resolved this ambiguity by establishing that such contributions were part of the taxable compensation base. However, employers paying tax on their 401(k) plan contributions in the years since 1983 had established higher levels of RRTA benefits for their employees. Giving § 10206(b) a one or two year period of retroactivity would have severely hurt workers who had retired expecting that they would receive a level of benefits based in part on tax payments made from 1983 through 1987. A shorter period of retroactivity would have been arbitrary and irrational. *See Carlton,* —— U.S. at ——, 114 S.Ct. at 2022.

## CARLTON AND REICH

MRL contends that *Reich v. Collins* requires finding that § 10206(c)(2)(A)(ii) violates due process. —— U.S. ——, 115 S.Ct. 547 (1994). According to MRL, *Reich* "holds that a government violates constitutional due process requirements when it 'baits and switches'; that is, when it holds out a refund remedy for unlawful taxes but eliminates that remedy when the taxpayer attempts to rely on it." *See id.* at ——, 115 S.Ct. at 550. If MRL's application of *Reich* were correct, *Reich* would reverse *Carlton* and a long line of previous cases upholding the constitutionality of retroactive tax statutes. *See* —— U.S. at —— – ——, 114 S.Ct. at 2021–22.

*Reich* does not overrule *Carlton. Reich* concerned the remedy Georgia had established for those who had paid its state tax on federal retirement benefits, a tax which the Supreme Court had declared to be unconstitutional in 1989. *Reich,* —— U.S. at ——, 115 S.Ct. at 549. At the time the illegal tax was being exacted, Georgia had held out one form of remedy for illegally-assessed taxes; however, when Reich attempted to use this remedy, Georgia declared that it actually followed

a different form of remedy—and this new remedy precluded persons who had paid the taxes in question from obtaining any refund. The Court stated that Georgia could not reconfigure its remedy scheme in mid-course; to hold out a remedy for paying illegal taxes and then to declare that no such remedy exists after illegal taxes are paid is an unconstitutional violation of due process. *Id.* at ——, 115 S.Ct. at 550.

At no point did MRL pay any tax barred by the Constitution or federal law. The constitutionality and legality of the RRTA is not in dispute, and MRL does not challenge the legitimacy of taxing 401(k) contributions *per se.* MRL erroneously equates its mistaken overpayment of taxes with the government's "unlawful," "improper" and "erroneous" collection of taxes. Contrary to MRL's assertion, the IRS did not violate any federal law by accepting MRL's overpayment. Seeking a refund for one's own voluntary overpayment of a lawful tax is not the same as pursuing a remedy for payment of an illegal tax.

### SECTION 10206(c)(2)(A)(ii) AND DOUBLE TAXATION

MRL contends that the statute implicitly subjects it to double taxation. This argument has no merit. MRL was never subjected to double taxation; rather, it spent money in anticipation of a refund for which it had not even filed. As the Court stated in *Carlton*, a taxpayer's detrimental reliance on a tax statute later amended retroactively is "insufficient to establish a constitutional violation." —— U.S. at ——, 114 S.Ct. at 2023.

### CONCLUSION

Section 10206(c)(2)(A)(ii) is supported by a legitimate legislative purpose furthered by rational means. Therefore, we AFFIRM the judgment of the district court.